LYNAH v. CITIZENS AND SOUTHERN BANK et al.

ATKINSON, J. The bill of exceptions complains: (a) that the court refused to allow an amendment offered by the plaintiff in error to his answer; and (b) that the court overruled his motion for a new trial. Neither in the bill of exceptions, by exhibit or otherwise, nor in the exceptions pendente lite to the ruling disallowing the amendment, was,

the amendment set forth in form or substance. It was brought up as a part of the record, having been previously filed in the office of the clerk without any order by the judge allowing it filed. The only ground of the motion for new trial was that "the court erred in refusing to allow defendant's amendment to his answer, setting up an offset against plaintiff's claim against defendant." *Held:*

(*a*) The exception to the disallowance of the amendment can not be considered. *Richards* v. *Shields,* ante, 583.

(*b*) The refusal to allow the amendment furnishes no ground for a motion for a new trial. *Lee* v. *McCarty,* 132 *Ga.* 698 (64 S. E. 997). Hence the record fails to present any question for decision, and the judgment of the trial court will stand *Affirmed. All the Justices concur.*

AUGUST 17, 1912.

Complaint. Before Judge Charlton. Chatham superior court. July 21, 1911.

*W. R. Hewlett,* for plaintiff in error.

*Anderson, Cann & Cann* and *Adams & Adams,* contra.